IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| ANNETTE RYAN, k.n.a. KATZ | |
| PLAINTIFF, | |
| | CIVIL ACTION NO. 1:15-CV-02384 |
| v. | |
| ROBERT A. MCDONALD, SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS | **ELECTRONICALLY FILED** |
| DEFENDANT. | |
| | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT WITH JURY DEMAND

Now comes Plaintiff, Annette Ryan, by and through undersigned counsel, and for her

Complaint against Defendant, Robert A. McDonald, Secretary, U.S. Department of Veterans

Affairs, states:

## PARTIES

1.      Plaintiff, Annette Ryan ("Ms. Ryan") is an individual residing in the City of

Akron, County of Summit, State of Ohio.

2.     At all relevant times, Ms. Ryan was an employee as that term is defined in the anti-discrimination provisions contained in Ohio Revised Code Chapter 4112 and, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000 (et. seq), the Americans with Disabilities Act of 1990, as amended, (ADA), 42 U.S.C. §12112 (et. seq), and 501 of the Rehabilitation Act of 1973 (Pub. L. 93-112), 29 U.S.C, 791.

3.     Defendant, Robert A. McDonald, Secretary, U.S. Department of Veterans Affairs (the "VA"), is secretary of the VA, a United States of America federal agency, which agency conducts business in the County of Cuyahoga, State of Ohio.

4.     The VA is an employer and covered entity as those terms are defined in the anti-discrimination provisions contained in Ohio Revised Code Chapter 4112 and pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000 (et. seq), and 501 and of the Rehabilitation Act of 1973 (Pub. L. 93-112), 29 U.S.C, 791.

## JURISDICTION AND VENUE

5.     The events giving rise to this Complaint took place in Cleveland, Ohio.

6.     At all times referenced herein, the material events alleged in this Complaint occurred in Cuyahoga County. The acts and omissions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

7.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1346,  and §§706(f) and 717(c) of Title VII, 42 U.S.C. § 2000e-5, 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §706(f) of Title VII, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and 38 U.S.C. Sec. 3720(a).   Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3) as

amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Ohio law and this Court's authority to exercise jurisdiction over state claims.

8.      Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) and (e), 28 U.S.C. §1402, 42 U.S.C. §2000e-5(f)(3), as incorporated by Title VII.

9.      Subject matter jurisdiction of this Court is conferred pursuant to the provisions of 28 U.S.C. §§ 1331, 1335, 1346, 42 U.S.C. §2000e-16, 5 U.S.C. 7702e(1)(C) and other relevant and applicable federal law.

10.     On March 28, 2013, within 45 days after the unlawful acts of discrimination and hostile work environment and harassment in reprisal for EEO activity hereinafter set forth, Ms. Ryan initiated and pursued her administrative remedies, and reported her employment discrimination claims, emotional distress, and assault and battery claims to the VA's Office of Resolution Management (ORM), satisfying the requirements of 42 U.S.C. § 2000e-5 and 29 C.F.R. 1614.105 *et seq.* That day, Ms. Ryan also reported to VA law enforcement, including an OIG Federal Agent and a VA Detective.

11.     More than 180 days have elapsed since Ms. Ryan filed her appeal to and petition for consideration with the Equal Employment Opportunity Commission.  The Transmittal of Final Agency Decision (FAD) is dated June 20, 2014.  (Ex. A).  Ms. Ryan received the FAD on June 26, 2014, and submitted her appeal and petition July 14, 2014. (Ex. B).  The EEOC acknowledged receipt. (Ex. C).  The VA acknowledged the appeal was timely filed.  (Ex. D). Ms. Ryan has exhausted her administrative remedies under such statute and regulations, including 5 U.S.C. §§7702(a)(2) and 7703(b)(2), and is authorized to file this action pursuant to 29 C.F.R. § 1614.408.

## FACTS

12.      Ms. Ryan was an employee of the VA.

13.      From her original hire date in November 2011 through her constructive discharge in November 2014, Ryan was employed by the VA as a Licensed Practical Nurse ("LPN") staff nurse, Grade 4.

14.      At all relevant times, Ms. Ryan was assigned to the Spinal Cord Injury ("SCI") Long Term Care ("LTC") Unit of the VA Medical Center located at Wade Park, in Cleveland, Ohio.

15.      From the Summer of 2012 through March 2013 Ms. Ryan endured discrimination under a sexually charged hostile work environment.

16.      From the Summer of 2012 through March 2013, Ms. Ryan endured extreme and outrageous verbal and physical sexual harassment and assault promulgated by co-worker MD Garrett ("MD") on a severe, pervasive and continuing basis.

17.      In the Summer of 2012, MD followed Ms. Ryan to her car, under the premise so that she would not have to walk alone.  MD tried to kiss Ms. Ryan against her will, and when she said no, he told her that he would have to go home "and masturbate then to the vision of her." Thereafter, MD would park his car next to Ms. Ryan and follow her to her car almost daily.

18.      MD's sexual harassment of Ms. Ryan escalated ever since the Summer of 2012.

19.      Ms. Ryan continually and repeatedly told MD to stop, vehemently resisted him, struggled to get away from him when he physically touched and assaulted her, but MD only continued to pervasively harass and intimidate Ms. Ryan.

4

20.     Ms. Ryan was forced to endure lude, profane, harassing, threatening and

intimidating statements based on sex that MD made to her on a repetitive basis such as:

- "I want to Fuck you"
- "I want to stick my big dick in your pussy"
- "Trust me, I know how to make you smile."
- "I love you and you will say yes one of these days and we will be together so stop fighting it"
- "I want to cum all over you"
- "Just let me run my hard dick on you"
- "You don't ever need to do anything, just let me cum on you, we can go into the supply closet no one will know"
- "Your nipples are so hard they excite me"
- "You know we are going to be together"
- "I want to straddle your lap"
- "I have to go home and masturbate after seeing you"
- "I know you want my cock"
- Telling Ms. Ryan she purposely wears tight pants because she wants people to "cum all over her".
- Taking pictures of Ms. Ryan's private areas, including texting her a photo and describing it as her having a "camel toe".

21.     MD perpetrated severe and pervasive acts of sexual harassment and assault

against Ms. Ryan, including, but not limited to:

- Repeatedly grabbing Ms. Ryan, mauling her, touching her breast, touching her butt, rubbing his penis on her, and making licking sounds while physically accosting her.

- Grabbing Ms. Ryan from behind and physically forcing her into a linen closet on a number of occasions, forcing himself on Ms. Ryan, and forcing his tongue in her mouth, while restraining her from getting to the door.  Ms. Ryan felt so ashamed and dirty.

- MD cornered Ms. Ryan in a conference room, licked his fingers, and forced them on her groin area, and, petrified, she immediately slapped his hand away.

- MD pressed up against Ms. Ryan telling her he knew she "wanted fucked".  Ms. Ryan said "STOP!!", but MD just laughed and said "you say no when you really mean yes".

- Assaulting Ms. Ryan in patients' rooms, grabbing her, pushing her, pressing against her, trying to forcibly kiss her.  Ms. Ryan would push him to try to get him away and told him to "STOP!!".  MD would laugh and tell her "yes you do".

5

- MD grabbed Ms. Ryan's hand while she was charting and put it on his aroused penis and told Ms. Ryan "this is what you do to me."

- MD regularly "brushed" against Ms. Ryan, including against her breast, and told her "your nipples feel good".

- MD grabbed Ms. Ryan's butt when she wasn't looking on a regular basis.

- MD attempted to straddle Ms. Ryan when she was at a computer station.

22.     Ms. Ryan repeatedly told and begged MD to stop.

23.     MD said that he has as concealed carry and indicated he sometimes kept it in the car.

24.     Ms. Ryan was extremely afraid of MD.

25.     MD spread defamatory rumors about Ryan around the workplace.

26.     On March 28, 2013, Ms. Ryan sought help from her Union and invoked the Equal Employment Opportunity procedures available.

27.     Ms. Ryan was harassed and threatened by co-workers.

28.     Other female employees complained that MD sexually harassed them.

29.     Ms. Ryan requested, on multiple occasions, a transfer to another VA location and away from the hostile work environment and the venue in which the harassment by MD occurred and the hostility of co-workers remained.

30.     The VA denied Ms. Ryan's requests for a transfer.

31.     MD's and the VA's treatment of Ms. Ryan caused her to suffer panic attacks, intense psychological distress, chronic anxiety, impaired sleep, depression, difficulty eating, fear, and PTSD.  On several occasions, Ms. Ryan's doctor recommended that Ms. Ryan be transferred as a reasonable accommodation.

32.     On November 27, 2013, Ms. Ryan's doctor provided:  "Unless reassigned to work on a different unit, her time off needs to continue indefinitely."

33.     On December 20, 2013, Ms. Ryan submitted a Written Confirmation of Request for Accommodation.

34.     Ms. Ryan was forced to exhaust leave time and the VA continued to deny her transfer request.  Rather than providing the remedial relief as well as the medically requested reasonable accommodation, or even provide further leave time, the VA terminated Ms. Ryan.

35.     Ms. Ryan was forced to use leave time and the VA continued to deny her transfer request.  Rather than providing the remedial relief as well as the medically requested reasonable accommodation, or even provide further leave time, the VA terminated Ms. Ryan.

36.     MD, a white male who sexually assaulted and harassed Ms. Ryan and was criminally convicted for his conduct toward Ms. Ryan, received preferential treatment over Ms. Ryan.

## COUNT I -- SEXUAL HARASSMENT  / HOSTILE WORK ENVIRONMENT
### (Title VII and Ohio Revised Code Chapter 4112)

37.     Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

38.     As alleged in detail above, the VA unlawfully maintained and/or permitted sexual and gender harassment in the workplace. These working conditions, created by the VA, were intolerable and were such that a reasonable person in Ms. Ryan's circumstances would resign because of them after her complaints and requests were ignored.

39.     Ms. Ryan reported these conditions through the proper channels within the VA, and did not receive a fair investigation of her report; her allegations were dismissed as false; and she was ultimately fired for pre-textual reasons.

40.     The VA was aware of the sexually harassing and discriminatory conduct and failed to take appropriate remedial action with malicious intent and reckless indifference to Ms. Ryan's rights and sensibilities.

41.     Ms. Ryan was subjected to a hostile and offensive work environment and ultimately terminated. The discrimination, hostile work environment, and adverse actions culminating in termination were based on Ms. Ryan's gender, female, and had the effect of unreasonably interfering with her work performance, and affected the terms and conditions of her employment.

42.     The VA's conduct was intentional, willful, wanton, and malicious.

43.     As a direct and proximate result of the VA's conduct as set forth above, Ms. Ryan has suffered injury and damage for which she is entitled to compensation including, but not limited to loss of earnings, earning capacity, fringe benefits, loss of leave and has suffered mental anguish, loss of sense of safety, severe physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

44.     Ms. Ryan is entitled to back pay, front pay, compensatory, non-pecuniary and punitive damages in an amount to be proven at trial, but in excess of $ 25,000.

### COUNT II -- GENDER DISCRIMINATION
### (Title VII and Ohio Revised Code Chapter 4112)

45.     Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

46.     Ms. Ryan was subjected to intentional and malicious discrimination with respect to the treatment received from supervisors, Human Resources personnel, and co-workers in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

47.     As alleged in detail above, the VA unlawfully maintained and/or permitted sexual and gender harassment in the workplace and failed to take corrective remedial action. These working conditions, created by the VA, were intolerable and were such that a reasonable person in Ms. Ryan's circumstances would resign because of them.

48.    Ms. Ryan reported these conditions through the proper channels within the VA, and did not receive a fair investigation of her report; her allegations were dismissed as false; Ms. Ryan was denied a transfer from a work environment in contravention of her work restrictions brought on by the harassment and hostile work environment; forced to use leave; and, was ultimately fired for pre-textual reasons. MD, a male, and the perpetrator, received favorable treatment.

49.    The discrimination, hostile work environment, and adverse employment actions culminating in termination were based on Ms. Ryan's gender, female, and had the effect of unreasonably interfering with her work performance, and affected the terms and conditions of her employment.

50.    Ms. Ryan was constructively discharged by the VA when the VA failed to take any action in response to her complaints about sexual harassment and gender harassment, and forced her to take leaves instead of simply taking remedial action.

51.    The VA's conduct in treating Ms. Ryan differently from similarly situated male employees, creating a hostile work environment, taking adverse employment actions against her and terminating Ms. Ryan's employment on account of her gender violates Title VII and O.R.C. 4112.

52.    The VA's conduct was intentional, willful, wanton, and malicious.

53.    As a direct and proximate result of the VA's conduct as set forth above, Ms. Ryan has suffered injury and damage for which she is entitled to compensation pursuant to Title VII and O.R.C. 4112.

54.    Ms. Ryan is entitled to back pay, front pay, compensatory, non-pecuniary and punitive damages in an amount to be proven at trial, but in excess of $25,000.

## COUNT IV – DISABILITY DISCRIMINATION
### (The Rehabilitation Act)

55.    Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

56.    The VA discriminated against Ms. Ryan by denying her reasonable accommodation for her disabilities, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.*, as amended.

57.    The discrimination also contributed to the complainant's worsening condition, the agency's discriminatory failure to accommodate caused greater harm to the complainant's well-being.

58.    Ms. Ryan was a qualified individual with a disability.  The VA failed to provide Ms. Ryan with a reasonable accommodation for her disability when they refused to transfer her or grant further leave and ultimately discharged her.

59.    The effect of the practices of the VA has been to deprive Ms. Ryan of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

60.    The VA's conduct was intentional, willful, wanton, and malicious and with deliberate indifference to the federally protected rights of Ms. Ryan.

61.    By reason of the VA's discrimination, Ms. Ryan is entitled to all remedies available under the Rehabilitation Act.

62.    Attorney's fees should be awarded under 29 U.S.C. § 794(a)(1).

## COUNT III – RETALIATION
### (Title VII, Rehabilitation Act and Ohio Revised Code Chapter 4112)

63.    Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

10

64.     In retaliation for reporting and for participating in an investigation of a sexual harassment complaint, the VA subjected Ms. Ryan to numerous incidents of harassment so as to create a hostile work environment, including but not limited to hostile treatment, including a continuation of the conduct of MD, defamatory comments about Ms. Ryan, humiliating Ms. Ryan in front of co-workers, imposing pre-textual discipline, requiring her to take leave, refusing to transfer her, and terminating Ms. Ryan's employment.

65.     In violation Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973 and O.R.C. Chapter 4112, the VA retaliated against Ms. Ryan for her report and participation in a sexual harassment investigation, for exercising her rights under the Rehabilitation Act, and by ultimately terminating her employment on pretextual grounds.

66.     The actions taken by the VA were intentional and malicious.

67.     As a direct and proximate cause of the retaliation in violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973 and O.R.C. § 4112.02(I) and R.C. 4112.99, Plaintiff has suffered embarrassment, humiliation, severe physical and psychological injury, anxiety, stress, lost wages and benefits, and has incurred expenses. Plaintiff is entitled to back pay, front pay, compensatory, non-pecuniary and punitive damages in an amount not yet fully ascertained, but in excess of $ 25,000.

**COUNT IV – NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

68.     Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

69.     The VA knew or, in the exercise of reasonable care, should have known that its employee, M.D. Garrett, was unfit and posed a risk of danger to Ms. Ryan and other employees and failed to take reasonable measures to abate it

70.     Other employees were sexually harassed and assaulted by M.D. Garrett.

11

71.     The VA failed to follow its own policies and procedures and failed to supervise.

72.     The VA was deliberately indifferent to Ms. Ryan's safety and welfare, exposing her to sufficiently substantial risk of serious damage to her future health, safety and well-being.

73.     As a direct result of Defendant's actions and omissions, Plaintiff has suffered damages in an amount to be proven at trial.

### COUNT V – ASSAULT

74.     Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

75.     MD repeatedly assaulted Ms. Ryan without her consent.

76.     MD made Ms. Ryan aware of his owning a firearm and indicated that he had it at the workplace causing fear, anxiety and depression.

77.     The VA failed to adhere to policy and regulations governing the possession of a dangerous ordinance.

78.     MD repeatedly made lewd, profane, and obscene comments to Ms. Ryan that would make a reasonable person fear for her safety.

79.     Ms. Ryan was a crime victim and suffered physical assault, being groped, pushed, forcibly restrained, and was repeatedly subjected to forced physical and sexual assaults.

80.     Ms. Ryan had a right to be free at the work site from bodily or emotional injury caused intentionally by another person.

81.     The VA knew or, in the exercise of reasonable care, should have known that its employee, M.D. Garrett, was unfit and posed a risk of danger to Ms. Ryan and other employees.

82.     The VA had a duty to protect Ms. Ryan from reasonably known dangers and from criminal acts.

83.     The VA negligently failed to prevent the sexual assaults, intimidation, and threats to her safety.

84.     The VA's activity and inactivity involve safety considerations under an established policy.

85.     Ms. Ryan suffered highly personal wrongs, beyond discrimination, harassment and retaliation, including physical abuse and sexual assault.

86.     The VA breached its duty to Ms. Ryan and was deliberately indifferent to her welfare.

87.     The edicts, actions and inactions of the officials of the VA amount to official policy causing infringement of Ms. Ryan's Constitutional rights.

88.     The VA's acts and omissions are the actual and proximate cause of emotional distress to Ms. Ryan.

### COUNT VI – BATTERY

89.     Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

90.     The VA negligently failed to prevent the battery.

91.     Ms. Ryan suffered highly personal wrongs, beyond discrimination, harassment and retaliation.

92.     The VA's acts and omissions are the actual and proximate cause of emotional distress to Ms. Ryan.

### COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

94.     The VA intended to cause Ms. Ryan emotional distress, or knew that its acts or omissions would result in serious emotional distress to Ms. Ryan.

95.     Ms. Ryan suffered highly personal wrongs, beyond discrimination, harassment and retaliation, including defamation, physical abuse, and sexual assault. The VA failed to adhere to regulations governing the possession of a dangerous ordinance, and supervision.

96.     The VA had a duty beyond the employment relationship to protect Ms. Ryan from reasonably known dangers and from criminal acts.

97.     The VA breached its duty to Ms. Ryan and was deliberately indifferent to her health, safety and welfare.

98.     The VA's actions and inactions foreseeably elicited serious emotional responses in the Plaintiff.

99.     The VA's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

100.    As a direct and proximate cause of the VA's acts and omissions as set forth above, Ms. Ryan has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

101.    As a direct and proximate cause of the VA's conduct and the resulting emotional distress, Ms. Ryan suffered and will continue to suffer damages.

### COUNT VIII – VIOLATION OF DUE PROCESS and SUBSTANTIVE RIGHTS
### 42 U.S.C. § 1983

102.    Ms. Ryan realleges the foregoing paragraphs as if fully rewritten.

103.    At all times material herein, Ms. Ryan had a property and/or liberty interest in her employment and an entitlement to continued employment.

104.    At all times material herein, Ms. Ryan had a property and/or liberty interest to be free of assault and battery in the workplace.

14

105.   The VA wrongfully mandated Ms. Ryan to take leave, and leave without pay, resulting in a de facto suspension.

106.   Suspension with intent to terminate is a *de facto* termination, and as such, the deprivation occurs on the date the public employee was suspended.

107.   Ms. Ryan had a property interest in her continued public employment and had a property interest in not having her employment suspended without pay.

108.   Ms. Ryan had a property interest in not being terminated.

109.   Ms. Ryan was entitled to due process under the United States Constitution (as well as under the Ohio Constitution), to contest the deprivation of her employment without pay and her termination.

110.   The VA intentionally and with malice deprived Ms. Ryan of her property right to continued employment without due process of law while acting under the color of law.

111.   The VA wrongfully suspended Ms. Ryan indefinitely without pay by forcing her to take leave and terminated her and failed to provide her with a pre-deprivation hearing, failed to provide her with written charges as to why she was being suspended and/or terminated, and failed to provide her with proper notice.

112.   In suspending Ms. Ryan indefinitely without pay and ostensibly terminating Ms. Ryan from her position of employment, and ultimately terminating her employment for pretextual reasons, Defendant deprived Ms. Ryan of her property and/or liberty interest without due process of law, and in violation of the Fifth and Fourteenth Amendments to the United States Constitution and in violation of the Ohio Constitution.

113.   Defendant also infringed the liberty interest in Ms. Ryan's reputation and denied her appropriate process to protect that interest.

114.    Defendant was deliberately indifferent to Ms. Ryan's liberty interests in her right to be safe at work.

115.    As a proximate result of Defendant's violations of Ms. Ryan's due process and substantive rights, Plaintiff has suffered, continues to suffer and will in the future suffer loss of employment, loss of earning capacity, loss of seniority, and loss of employment benefits for which Plaintiff is entitled to be compensated in monetary damages.

**WHEREFORE**, Plaintiff, Annette Ryan, respectfully requests that this Honorable Court grant the following relief:

(a)    Issue a permanent injunction:

    (i)    Requiring the VA to abolish discrimination, harassment, and retaliation.

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years.

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees.

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints.

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions.

(b)    Issue an order requiring the VA to retroactively restore Ryan to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation.

(c)    For an award against the VA of compensatory and monetary damages to compensate Ryan for emotional distress, personal injury, property damage and other consequential and non-pecuniary damages, in an amount in excess of $25,000 per claim to be proven at trial.

(d)    For an award of punitive damages against the VA in an amount in excess of $25,000.

(e)     For an award of reasonable attorney's fees and non-taxable costs for Ryan's claims as allowable under law.

(f)     For an order requiring the VA to cease and desist from any employment practice which discriminates or harasses against Ryan or others on the basis of race, color, religion, sex, military status, national origin, disability, age, or ancestry, or in retaliation against the person because he or she complained about such discrimination.

(g)     For an award of the taxable costs of this action.

(h)     For an award of prejudgment and post-judgment interest as appropriate and allowed by law.

(i)     For an award of such other relief as this Court may deem necessary and proper.

Respectfully submitted:

/s/ *Pamela D. Kurt*

_____

PAMELA D. KURT, ESQ (#0083454)
GINA A. KUHLMAN, OF COUNSEL (#0066552)
KURT LAW OFFICE, LLC.
30432 Euclid Avenue, Suite #101
Wickliffe, Ohio 44092
Tel: 440.516.1010
Fax: 440.516.1011
PKurt@KurtLawOffice.com
Gkuhlman@KurtLawOffice.com
Counsel for Plaintiff

## JURY DEMAND ENDORSEMENT

The Plaintiff hereby demands a trial by jury by the maximum number of jurors permitted.

Respectfully submitted:

/s/ *Pamela D. Kurt*

PAMELA D. KURT, ESQ (#0083454)
GINA A. KUHLMAN, OF COUNSEL (#0066552)
KURT LAW OFFICE, LLC.
30432 Euclid Avenue, Suite #101
Wickliffe, Ohio 44092
Tel: 440.516.1010
Fax: 440.516.1011
PKurt@KurtLawOffice.com
Gkuhlman@KurtLawOffice.com
Counsel for Plaintiff

18

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, a copy of the foregoing Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted:

/s/ *Pamela D. Kurt*

PAMELA D. KURT, ESQ (#0083454)
GINA A. KUHLMAN, OF COUNSEL (#0066552)
KURT LAW OFFICE, LLC.
30432 Euclid Avenue, Suite #101
Wickliffe, Ohio 44092
Tel: 440.516.1010
Fax: 440.516.1011
PKurt@KurtLawOffice.com
Gkuhlman@KurtLawOffice.com
Counsel for Plaintiff

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

JUN 20 2014

## TRANSMITTAL OF FINAL AGENCY DECISION OR ORDER

**TO:**    The Parties
Representatives of the Parties (if applicable)
ORM Field Office
EEOC Administrative Judge (if applicable)

**SUBJ:**    Final Agency Decision or Order

|  |  |
|---|---|
| Complainant: | Annette Ryan |
| Agency No(s): | 200H-0541-2013103127 |
| EEOC No(s): (if applicable): | n/a |

Enclosed is the Department's Final Agency Decision or Final Order concerning the above-referenced complaint(s) of employment discrimination.

The Final Decision/Order includes a statement explaining the Complainant's right of appeal and right to file a civil action.

The transmittal to the Complainant and, if applicable, the Complainant's representative, includes EEOC Form 573 (MSPB Form 185, if the subject complaint is a "mixed case") for use should the Complainant wish to appeal the enclosed Final Decision/Order.

If the Complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORM field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

ML Pepiden for —
Maxanne R. Witkin
Director

Enclosure(s)

Ex. A

NOTICE OF APPEAL/PETITION
TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations

1. Appellant's name (Last, First, Middle): [Please Print or Type]

Ryan, Annette

2. Home/mailing address: 71 Westvue Drive
Tallmadge, Ohio 44278

3. Name and address of attorney or other representative, if any: Pamela D. Kurt, Esq.
30432 Euclid Ave #101
Wickliffe, OH 44092

4. Appellant's daytime telephone number (incl. area code):
(330) 730-2515

5. Representative's telephone number (if applicable):
(440) 516-1010

6. Has the appellant filed a formal complaint with his/her agency?

_____ No    X Yes, indicate the Agency's complaint number: 200H-0541-2013103127

7. Name of the agency being charged with discrimination:
Department of Veterans Affairs, Louis Stokes Cleveland VA Medical Center

8. Location of the duty station or local facility in which the complaint arose:
10701 East Blvd.
Cleveland, OH 44106

9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?

✓ Yes (Indicate the date the appellant RECEIVED it June 26, 2014 and ATTACH A COPY.)

_____ No

_____ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, **another** agency, or through any **other** administrative or collective bargaining procedure?

X No    _____ Yes (indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

X No    _____ Yes (ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative

13. Date:
7.14.14

NOTICE: Before mailing this appeal, be sure to **attach a copy of the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. PRIVACY ACT STATEMENT ON REVERSE SIDE.

FOR EEOC USE ONLY:

OFO DOCKET NUMBER:

EEOC FORM 573 REV 4/52

Ex. B

## PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1.    FORM NUMBER/TITLE/DATE: EEOC Form 573, Notice of Appeal/Petition, April 1992.

2.    AUTHORITY: 42 U.S.C. §2000e-16.

3.    PRINCIPAL PURPOSE: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4.    ROUTINE USES: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5.    WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 77960**
**Washington, D.C. 20013**

Aug 20, 2014

Annette Ryan                        Docket # : 0120142825
71 Westvue Dr                       Filed    : 07/25/14
Tallmadge, OH 44278                 Agency Number(s): 200H05412013103127


Dear Ms. Ryan:

This Commission acknowledges receipt of the above referenced appeal on the date
indicated.  Any statement or brief in support of the appeal must be submitted to
the Commission as well as to the agency within 30 days of filing the notice of
appeal.  The Commission will accept statements or briefs in support of an appeal
by facsimile transmittal (Fax number 202-663-7022) provided they are no more
than ten (10) pages long.  You are reminded that it is your responsibility to
ensure that the agency receives a copy of any material you submit to this
office.  You should reference the above docket number in all submissions and
correspondence to the Commission.

You will be notified by first class mail as soon as a decision is reached on the
appeal.  You are responsible for providing the Commission with notice of any
change of address.  The Commission will terminate the processing of the appeal
if you file a civil action, in accordance with 29 CFR 1614.409.

The Commission's appellate regulations are found in Title 29, Code Of Federal
Regulations, Part 1614 and at 64 Federal Register 37644 (1999).  The regulations
are available on the Internet on EEOC's Home Page: WWW.EEOC.gov.  You are urged
to review these regulations.

If you have questions regarding the processing of the appeal, please call the
EEOC, Office of Federal Operations at (202) 663-4599 and ask to speak to the
Officer of the Day.

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations


CC:
Pamela D Kurt Esq.
30432 Euclid Ave  #101
Wickliffe, OH 44092

Ex. C



**VA** | U.S. Department
of Veterans Affairs

OCT 2 7 2014

**Office of the General Counsel**
Washington DC 20420

In Reply Refer To:

024M

Director
U.S. Equal Employment Opportunity Commission
Office of Federal Operations
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

RE:  Annette M. Ryan
        Docket No.:  0120142825
        Agency No.:  200H-0541-2013-103127

Dear Director:

        In accordance with your letter dated August 20, 2014, the Department of Veterans Affairs ("Agency") hereby files this statement in response to the Notice of Appeal submitted by Annette M. Ryan ("Appellant").  The appeal was filed timely.

        To date, the Agency has not received <u>any</u> statement from Appellant which provides the basis on which she makes this appeal.  It appears that Appellant has appealed the Office of Employment Discrimination Complaint Adjudication's ("OEDCA") findings and conclusions of law as stated in its Final Agency Decision ("FAD") issued on June 20, 2014.[1]

        In her formal complaint, Appellant claimed that she was sexually harassed by a co-worker, subjected to disparate treatment based on sex and reprisal, and subjected to hostile work environment harassment based on race, sex and reprisal.

        OEDCA's FAD thoroughly and accurately details the relevant facts and applies the appropriate legal standards to those facts.  The ultimate burden of showing that the Agency intentionally discriminated against the Appellant remains at

---

[1] The complaint raised a "mixed case" claim involving a personnel action appealable to the Merit Systems Protection Board (MSPB) as well as "non-mixed case" claims involving matters within the jurisdiction of the Equal Employment Opportunity Commission (EEOC or Commission).  On May 23, 2014, OEDCA issued a FAD on the "mixed case" claim and provided Appellant with her appeal rights to the MSPB and U.S. District Court.

Ex. D

2.

Director

all times with the Appellant.  United States Postal Service Board of Governors v. Aikens, 460 U.S. 711 (1983).  Since Appellant has failed to show by a preponderance of the evidence that the Agency's actions were motivated by discrimination, her claims must be dismissed.  See Roberson v. Department of Veterans Affairs, EEOC Appeal No. 0120092774 (March 10, 2010).

Accordingly, for the reasons stated herein, and incorporating the findings and conclusions of law contained within OEDCA's FAD, the Agency respectfully requests that the Commission uphold the Final Agency Decision and dismiss the subject appeal.

The undersigned certifies that a copy of this letter has been provided by regular mail to the Appellant and her representative.  It is further certified that this appeal response, along with the Agency's investigative file, is being transmitted electronically to the Commission by way of its Office of Federal Operations' EFX system.

Respectfully submitted,

DEBORAH K. MCCALLUM
Assistant General Counsel

GLORIA WILSON SHELTON
Deputy Assistant General Counsel

Clare G. Anderson
Staff Attorney

Enclosures (OFO only)

cc:  Annette M. Ryan
     Pamela D. Kurt, Esq.
     Director (541/00)
     OEDCA (00D)
     Office of Resolution Management (08E)