**Department of Veterans Affairs**
**Washington, DC  20420**

**VA Handbook 5975.1**
**Transmittal Sheet**
**September 17, 2010**

## PROCESSING REQUESTS FOR REASONABLE ACCOMMODATION FROM EMPLOYEES AND APPLICANTS WITH DISABILITIES

**1.  REASON FOR ISSUE:**  This Handbook updates the Department of Veterans Affairs (Department or VA) procedures on providing reasonable accommodations to qualified employees or applicants for employment with disabilities, in compliance with applicable laws and regulations.

**2**.  **SUMMARY OF CONTENTS/MAJOR CHANGES:**  This Handbook includes multiple revisions based on the expanded legal requirements of the Americans with Disabilities Act Amendments Act (ADAAA) of 2008 and guidance from the U.S. Equal Employment Opportunity Commission.  The changes will be incorporated into the electronic version of VA Handbook 5975.1 that is maintained on the Office of Human Resources and Administration's web site.  The revisions include, but are not limited to:

   a. Adding and/or revising several terms concerning reasonable accommodation, such as: "a qualified individual with a disability," "mitigating measures," "major life activities," and "regarded as disabled."

   b. Updating procedures related to processing and tracking reasonable accommodation requests.

**3.  RESPONSIBLE OFFICE:**  Office of Diversity and Inclusion (06), Office of Human Resources and Administration.

**4.  RELATED DIRECTIVE:**  VA Directive 5975.1, Processing Requests for Reasonable Accommodation by Employees and Applicants with Disabilities.

**5.  RESCISSIONS:** VA Handbook 5975.1, Processing Requests for Reasonable Accommodation by Employees and Applicants with Disabilities, May 30, 2002.

**CERTIFIED BY:**

/s/
Roger W. Baker
Assistant Secretary for
Information and Technology

**BY DIRECTION OF THE SECRETARY OF VETERANS AFFAIRS:**

 /s/
John U. Sepúlveda
Assistant Secretary for
Human Resources and Administration

**DISTRIBUTION**

ELECTRONIC DISTRIBUTION ONLY


GOVERNMENT EXHIBIT
L

Ryan.R.A.Policy.2010.002249

Ryan.R.A.Policy.2010.002250

**SEPTEMBER 17, 2010**                                      **VA HANDBOOK 5975.1**

## PROCESSING REQUESTS FOR REASONABLE ACCOMMODATION FROM EMPLOYEES AND APPLICANTS WITH DISABILITIES

### CONTENTS

**PARAGRAPH**                                                                    **PAGE**

1. PURPOSE                                                                          5

2. POLICY                                                                           5

3. RESPONSIBILITIES                                                                 5

4. DEFINITIONS                                                                      10

5. TIME FRAME                                                                       12

6. REQUESTING REASONABLE ACCOMMODATION                                             13

7. DOCUMENTING THE REQUEST                                                          13

8. INTERACTIVE PROCESS                                                              14

9. INTERIM WORKPLACE ADJUSTMENTS                                                    14

10. DETERMINING WHETHER AN INDIVIDUAL IS A "QUALIFIED INDIVIDUAL WITH A DISABILITY"   14

11. WHEN MEDICAL INFORMATION IS REQUIRED FOR DISABILITY DETERMINATION               15

12. CONFIDENTIALITY REQUIREMENTS REGARDING MEDICAL INFORMATION OBTAINED IN THE REASONABLE ACCOMMODATION PROCESS   16

13. IDENTIFYING AND GRANTING ACCOMMODATIONS                                         18

14. ACCOMMODATIONS NOT PROVIDED BY DoD's COMPUTER ACCOMMODATIONS PROGRAM            19

15. DENIAL OF REASONABLE ACCOMMODATION REQUESTS                                     20

16. AVENUES FOR REDRESS OF DENIALS                                                  21

17. INFORMATION TRACKING AND REPORTING                                             22

Ryan.R.A.Policy.2010.002251

**VA HANDBOOK 5975.1**                               **SEPTEMBER 17, 2010**

18. THE VA/DoD CAP PARTNERSHIP COMPUTER/ELECTRONICS
ACCOMMODATIONS PROGRAM                                            22

19. ADDITIONAL RESOURCES                                         23

20.  FORMS INFORMATION                                           24


APPENDIX A: TIMEFRAME FOR PROCESSIONG REASONABLE
ACCOMMODATION REQUEST(S)                                         A-1

Ryan.R.A.Policy.2010.002252

SEPTEMBER 17, 2010                                            VA HANDBOOK 5975.1

## PROCESSING REQUESTS FOR REASONABLE ACCOMMODATION FROM EMPLOYEES AND APPLICANTS WITH DISABILITIES

**1. PURPOSE.**  To revise Department of Veterans Affairs (Department or VA) policy on providing reasonable accommodations to qualified employees or applicants for employment with disabilities, designate responsibilities, prescribe procedures for submitting and responding to requests for reasonable accommodations, and establish procedures for the reconsideration process in the case of denials of requests for reasonable accommodation.

## 2. POLICY.

a. VA shall provide reasonable accommodations to qualified individuals with disabilities to allow them to fully participate in the application process, perform essential job functions, and enjoy equal benefits and privileges of employment, in accordance with all applicable laws, regulations, and VA policies, unless to do so would cause undue hardship to the Department.

b. The responsibility for funding the costs of requests for reasonable accommodation resides with the Department, however, in most cases, the Facility, Administration or Staff Office where the requestor is employed or in the case of recruitment, the organization where the applicant seeks to be employed should provide the funding.  In certain cases, reimbursement for the cost of reasonable accommodations not provided by the U.S. Department of Defense's Computer Assistance Program (CAP) may be obtained at the Department level, through the VA Centralized Reasonable Accommodation Fund.

c. The policy applies to all VA employees and applicants for employment.  Reasonable accommodation requests will be processed in accordance with the procedures contained in this Handbook.

## 3. RESPONSIBILITIES.

**a. Under Secretaries, Assistant Secretaries, Deputy Assistant Secretaries, Facility Directors, and Other Key Officials, within their respective organizations** will:

(1) Appoint a Local Reasonable Accommodation Coordinator (LRAC) and an alternate for each LRAC for the organization and provide to the Office of Diversity and Inclusion the contact information for that individual within thirty (30) calendar days of the effective date of this Handbook.

(2) Provide sufficient resources to ensure effective implementation and management of the process for responding to requests for reasonable accommodation.

(3) Ensure training for all managers, supervisors, team leaders, and designated LRACs regarding their roles in processing requests for reasonable accommodation, including how to submit requests for assistive technology to the Department of Defense (DoD) Computer/Electronic Accommodation Program (CAP).

(4) Periodically evaluate the effectiveness of the process for responding to requests for reasonable accommodations.

Ryan.R.A.Policy.2010.002253

(5) Ensure records of requests for reasonable accommodation are maintained in accordance with procedures outlined in this Handbook.

**b. Assistant Secretary for Human Resources and Administration** (ASHRA), through the Deputy Assistant Secretary (DAS) for Diversity and Inclusion, will:

(1) Develop a Department-wide reasonable accommodation policy and provide guidance to managers, supervisors, employees, and applicants for employment.

(2) Develop a Department-wide Reasonable Accommodation Tracking System to monitor the process for responding to requests for accommodation at the Department, Administration, Regional and Facility levels.

(3) One year from publication of this Handbook, the ASHRA will analyze and evaluate the effectiveness of the process for responding to requests for accommodation and will provide recommendations for improvement.

(4) Maintain a current roster of Local Reasonable Accommodation Coordinators (LRAC) and alternates, and ensure public access to that list.

**c. The Assistant Secretary for Information and Technology** will:

(1) Work with the ASHRA and Administration, through the DAS for Diversity and Inclusion, to ensure that Information Technology (IT) related requests for reasonable accommodation are expedited.

(2) Ensure that all requests for installation of software or IT equipment required to complete a reasonable accommodation request are processed and completed in a timely manner.

(3) Work to ensure that all VA-wide information technology system and software upgrades are in compliance with Section 508 and accessible to employees with disabilities when they are released.

(4) Work with the ASHRA, through the DAS for Diversity and Inclusion, to ensure cooperation and collaboration between the National Reasonable Accommodation Coordinator (NRAC) and the Department's Section 508 Coordinator.

**d. The Department's Section 508 Coordinator in the Office of Information and Technology** (OIT) will:

(1) Collaborate with the National Reasonable Accommodation Coordinator (NRAC) to ensure that VA employees and applicants with disabilities receive appropriate IT-related reasonable accommodations.

**e. Office of General Counsel or Regional Counsel** will:

(1) Serve as legal experts on reasonable accommodation matters; and

**6**

(2) Serve as consultants with regard to prospective denial of reasonable accommodation requests.

**f. The Counselor to the Inspector General** will:

(1) Serve as a legal expert on reasonable accommodation matters; and

(2) Serve as a consultant with regard to prospective denial of reasonable accommodation requests for the Office of the Inspector General (OIG).

**g. The National Reasonable Accommodation Coordinator in the ODI** will:

(1) Serve as the Department's subject matter expert on reasonable accommodation procedures and provide guidance and training as required.

(2)  Receive and compile summary data from the Administrations and Staff Offices for annual reporting purposes.

(3) Serve as a consultant with regard to prospective denial of reasonable accommodation requests.

(4) Serve as the Department's liaison to the CAP at the U.S. Department of Defense.

(5) Work with the Department's Section 508 Program Office Coordinator and the Veteran Health Administration's Office of Health Information or other program resources (e.g., Job Accommodation Network) in an effort to provide IT related reasonable accommodations.

(6) Administer the Centralized Reasonable Accommodation Fund.

**h. The Human Resources Management Officer (HRMO)** will:

(1) Work with the LRAC, the Designated Management Official (DMO) and requestors to ensure that accommodations are provided in a timely manner.

(2) Consult with DMOs, as needed, to review the essential functions of positions and assist with identifying possible accommodations.

(3) In the case of employees, work with DMOs, LRACs, and employees to identify positions for potential reassignment.

(4) In the case of applicants, serve as the DMO for requests for accommodation from applicants for employment during the application phase.

**VA HANDBOOK 5975.1**                                    **SEPTEMBER 17, 2010**

**i. DMOs, Supervisors, and Group or Team Leaders (within their respective organizations)** will:

(1) Be knowledgeable about the policy and procedures for processing requests for reasonable accommodation and share this knowledge with applicants to help individuals with disabilities apply for jobs and with employees so they can perform the essential functions of a job or enjoy the benefits and privileges of employment.

(2) Explain to the requestor VA's process for handling accommodation requests and who will issue the decision.

(3) Determine whether the employee or applicant is a "qualified individual with a disability" and make the decision regarding a request for reasonable accommodation in consultation with the LRAC, legal counsel, and in accordance with applicable laws and regulations.

(4) Maintain confidentiality of requests for reasonable accommodations and maintain records consistent with guidance in this Handbook.

(5) When serving as the DMO or decision-maker, ensure that requests for reasonable accommodation and the process for deciding on those requests are properly documented and provided to the LRAC.

(6) Search for alternative feasible accommodations if the employee's proposed solution is ruled out by the DMO and LRAC after discussion with the NRAC.

(7) Ensure that accommodations which are granted are provided timely.

(8) Designate an alternate to process requests in the absence of the DMO.

**j. Local Reasonable Accommodation Coordinator** will:

(1) Assist supervisors and management officials at all levels with processing requests for reasonable accommodation, including using DoD's CAP; interpreting regulations and statutes; and reviewing existing policies and procedures; and recommending appropriate changes in policy and procedures.

(2) Ensure that all requests outside the authority of the normal DMO, such as parking, facility renovations, etc. go to the appropriate individual and are processed timely.

(3) Coordinate with EEO offices, ODI, OIT, VA designated physicians, CAP, or other resources to identify reasonable accommodation options.

(4) Maintain the confidentiality of reasonable accommodation requests and related documentation (e.g., keeping medical records separate from personnel records) and maintain records at their facility in a locked file cabinet.

**8**

**SEPTEMBER 17, 2010**                                      **VA HANDBOOK 5975.1**

(5) Provide information to employees and applicants for employment and answer questions about the reasonable accommodation process.

(6) Track and report all requests for reasonable accommodation and the disposition of those requests by assisting management in completing required forms and the checklist in this Handbook.

(7) Assist with securing funding for reasonable accommodations, to include those that may be reimbursed through the Centralized Reasonable Accommodation Fund.

(8) Attend reasonable accommodation training.

(9) Provide Facility or Staff Office managers and supervisors training on their role and responsibilities for providing reasonable accommodation.

**k.  Managers and supervisors who are not the DMO or LRAC** but receive a request will:

(1)  Forward the request to the appropriate individual within two business days, with a copy to the LRAC.

(2)  Inform the requestor of the name and contact information of the DMO.

**l. Employees with Disabilities** will:

(1)  Request or make known their need for an accommodation to their supervisor, any manager in their chain of command, or the LRAC.

(2)  Engage in the interactive process by working collaboratively with their supervisors or DMO, HRMO representatives, VA's Section 508 Accessibility Testing and Training Center, and CAP, to identify accommodations that will help them perform the essential functions of their job, enable them to participate in VA activities, and/or enjoy the benefits and privileges of VA employment.

(3)  If the disability is not visible and documentation is not on file at VA, provide requested information from their health care professional in a timely manner.

**m. Applicants with Disabilities** will:

(1)  Make a request for an accommodation to the HRMO or anyone encountered during the application process.

(2) Engage in the interactive process by working collaboratively with HRMO representatives, VA's Section 508 Accessibility Testing and Training Center, etc. to identify accommodations that will help them apply for the job.

(3)  If the disability is not obvious, provide requested information from their health care professional in a timely manner.

**VA HANDBOOK 5975.1**                                        **SEPTEMBER 17, 2010**

## 4. DEFINITIONS

a. **DMO:**  The DMO is the person who has authority to decide whether the organization will provide a requested reasonable accommodation.  The DMO who grants or denies a request for a reasonable accommodation shall also be referred to as the "decision-maker." The employee's first, second, or third line supervisor or other designated official may serve in this capacity.

b. **Essential Functions:**  The essential functions of a job are the occupational duties that are fundamental to the position to the extent that the individual cannot do the job without being able to perform them.  A function can be "essential" if, among other things, the position exists specifically to perform that function, a limited number of other employees can perform the function if given the assignment, or the function is specialized and the incumbent is hired based on his or her ability to perform it.

c. **Extenuating Circumstances:** Factors beyond the Department's control which make it impossible for a reasonable accommodation to be provided within the required thirty (30) calendar days time frame outlined in this Handbook.  Examples of extenuating circumstances include, but are not limited to, delays encountered when ordering equipment that must be back-ordered, the vendor normally used has gone out of business, or there are unexpected delays by the vendor.   Review of medical documentation, the absence of the DMO, and other situations within VA's control are not considered to be extenuating circumstances and should not delay the processing of a request.

d. **Major Life Activities:**  Activities such as caring for one's self, performing activities of daily living, performing manual tasks, walking, seeing, hearing, breathing, learning, concentrating, and working.  Also included are the operations of major bodily functions, including, but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

e. **Mitigating Measures:**  Medications and assistive devices that an individual uses to eliminate or reduce the effects of impairment.  The only mitigating measures that may be considered in determining disability are ordinary eyeglasses or contacts intended to fully correct the vision of an employee or applicant for employment.  Other mitigating measures may not be considered in the determination of an individual's disability status.

f. **Physical or Mental Impairment:** An impairment, including serious side effects of a prescribed medication, which substantially limits the individual from performing a major life activity.  Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, cardiovascular, digestive, respiratory, genitourinary, hemic, lymphatic, skin, and endocrine.  This includes any mental or psychological disorder such as post-traumatic stress disorder, traumatic brain injury, mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.  Impairments include conditions that are episodic in nature or in remission, such as cancer or epilepsy.

**10**

Ryan.R.A.Policy.2010.002258

g. **Individual with a Disability:** An "individual with a disability" as a person who has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment.

h. **Qualified Individual with a Disability:** A "qualified individual with a disability" is an individual with functional limitation who, with or without reasonable accommodation, can perform the essential functions of the position without being a direct threat to the health or safety of the individual or others. A "qualified individual with a disability" must satisfy the requisite skill, experience, education, and other job-related requirements of employment for the position the individual holds or desires. Requiring the ability to perform "essential" functions assures that an individual will not be considered unqualified simply because of inability to perform marginal or incidental job functions. If the individual is qualified to perform essential job functions except for limitations caused by a disability, the DMO must consider whether the individual could perform these functions with a reasonable accommodation. As to duration of the disability or functional limitation, a disability whose effects last, or are expected to last, less than six months will be presumed to be temporary in nature and not covered by the Rehabilitation Act, unless a requestor provides medical documentation to the contrary.

i. **Reasonable Accommodation:** A "reasonable accommodation" is a change in the work environment or in work processes that enables a qualified individual with a disability to enjoy equal employment opportunities. The accommodation must be effective in meeting the needs of the individual by addressing the barrier created by the functional limitations.

Types of reasonable accommodations include, but are not limited to: modification or adjustment to a job application process to permit an individual with a disability to be considered for a job, modification or adjustment necessary to enable a qualified individual with a disability to perform the essential functions of the job, and modifications or adjustments that enable employees with disabilities to enjoy equal benefits and privileges of employment.

Examples of reasonable accommodations include, but are not limited to, the following:

(1) Making facilities readily accessible to, and usable by, individuals with disabilities;

(2) Restructuring of marginal job functions;

(3) Allowing a modified work schedule;

(4) Obtaining or modifying equipment or devices;

(5) Appropriately adjusting or modifying examinations and training materials to make them accessible (but not changing their content);

(6) Providing readers, interpreters, and other auxiliary aids and assistive technologies;

(7) Ensuring that all contracts for the use of external facilities and services reflect the obligation that such facilities and services are accessible to qualified individuals with disabilities; and

**VA HANDBOOK 5975.1**                              **SEPTEMBER 17, 2010**

(8) Reassignment to another position for which the individual is qualified, as a last resort accommodation.

j. **Record of Impairment:** A "record of impairment" is a history of or having been classified (or misclassified) as having a mental or physical impairment that substantially limits one or more major life activities. VA is required to provide accommodation to qualified individuals with a record of impairment.

k. **Regarded as Having an Impairment:** An individual is "regarded as having an impairment" if the individual has been subjected to an action prohibited by law for an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity. VA is under no obligation to provide reasonable accommodation to an individual who meets the definition of "regarded as disabled" solely on the basis that he or she is perceived to have a disability.

l. **Undue Hardship:** An "undue hardship" is the significant difficulty or expense incurred or anticipated, should the organization provide a particular accommodation. The following criteria are used to determine undue hardship:

(1) Nature and cost of the accommodation. (Note: In determining whether an accommodation poses an undue hardship, the financial resources of the organization or the Department as a whole should be considered, not just those resources of the individual facility or staff office. Thus, it is unlikely that a request can be denied by VA based on cost.)

(2) Overall size of the organizational unit with respect to the number of employees, facilities, and size of the budget.

(3) Type of operation, including composition and structure of the workforce.

(4) The impact of the accommodation on the operation of the organization, including the impact on the ability of other employees to perform their duties and the impact on the organization's ability to conduct business.

It is VA policy that the Office of Diversity and Inclusion or the Office of General Counsel must be consulted before a denial is communicated to the employee.

## 5. TIME FRAMES

All requests for accommodation should be processed as soon as possible so that the approval and the appropriate accommodation or the denial can be provided promptly. Requests from applicants should be expedited and processed within ten calendar days. Requests from employees should be processed within 30 calendar days, but preferably within less time. Failure to process some accommodation requests in less than 30 calendar days could constitute undue delay in violation of the Rehabilitation Act.

(a) The time frame begins as soon as the applicant requests a change because of a disability. Do not wait for a written request.

**12**

**SEPTEMBER 17, 2010**                                              **VA HANDBOOK 5975.1**

(b)  Extenuating circumstances, described in section 4 (c) above, do not include the absence of the DMO or other responsible official or the time taken to review medical documentation.

(c)  The time from when medical documentation is requested to when it is provided is not included in the timeframe for processing requests for accommodation.

For further information on time frames please see Appendix I.

## 6. REQUESTING REASONABLE ACCOMMODATION.

a. A request for reasonable accommodation is an oral or written request made by an employee or an employee's representative (e.g., a family member, health care professional, or an agent acting on behalf of the employee or prospective employee) to the employee's supervisor, any manager in the employee's chain of command, or the LRAC.  If the request is received by any manager or supervisor who is not the DMO, he or she will forward the written request or inform the DMO of an oral request within two calendar days.

b. A requestor does not have to use words such as "reasonable accommodation," "disability," or "Rehabilitation Act" in the request.  Additionally, a requestor may request a reasonable accommodation whenever he or she chooses, even if he or she has not previously disclosed the existence of a disability.  The requestor should not be required to make multiple requests for the same accommodation.  In such cases, the supervisor or manager and the requestor should work together to anticipate any situations which may require recurring accommodation (e.g., sign language interpreters or large print documents).

c. Job applicants or their representatives (e.g., a family member, health care professional, or an agent acting on behalf of an employee) may submit a written or verbal request for an accommodation for any part of the application process, including the interview phase, to the HRMO listed as the point of contact in the job vacancy announcement or to the LRAC.

d. Employees are encouraged to document their request using VA Form 0857A, Written Confirmation of Request for Accommodation (Appendix A) and give it to their immediate supervisor or the LRAC.

e. VA officials will not accept VA Form 0857A from applicants.

## 7. DOCUMENTING THE REQUEST.

a. The DMO who receives the request for accommodation should acknowledge receipt in writing (Appendix B, VA Form 0857B, Acknowledgement of Receipt of Request), to the requestor within five (5) calendar days and forward a copy of the acknowledgement to the LRAC.  This acknowledgement is required even if the employee did not document their request in an email or via VA Form 0857A.

b. For job applicants, HRMO will complete VA Form 0857A, Written Confirmation of Request for Accommodation, and forward the form to the LRAC.  Every effort should be made to process requests from applicants as soon as possible, in order for them to be able to

Ryan.R.A.Policy.2010.002261

**VA HANDBOOK 5975.1**                                             **SEPTEMBER 17, 2010**

participate in the application process.  A decision on the accommodation should be made within ten (10) calendar days of receiving the request.

c. All requests for and provisions of reasonable accommodation must be confidential and documented on VA Form 0857C, Reasonable Accommodation Checklist (Appendix C).

**8. INTERACTIVE PROCESS.**

a. When the individual makes an oral or written request for reasonable accommodation, managers are obligated to engage in the interactive process with the individual within five (5) calendar days. The interactive process is the communication between the DMO and the employee, in consultation with the LRAC, to determine how best to respond to the employee's request. During this process, an individualized assessment will be conducted to review essential and marginal job functions, the employee's limitations, and possible accommodations. The interactive process may require more than one discussion.  The DMO or LRAC will also explain the reasonable accommodation process to the employee.

b. Ongoing communication and cooperation are important, especially when a specific limitation, problem, or barrier is unclear or when the disability or an effective accommodation is not obvious.  Thus, interactive discussions should be documented, with at least the date, time, participants, and key points noted.

c. In the case of an applicant for employment, the local HRMO will engage in the interactive process with the applicant and the supervisor for the posted vacancy, if necessary, to discuss and identify possible accommodations.

**9. INTERIM WORKPLACE ADJUSTMENTS.**

Where possible, within thirteen (13) calendar days of the initial request, interim workplace adjustments will be made until a final decision has been made on the request for accommodation. The interim workplace adjustment should enable the individual to perform the essential functions of the job or enjoy the benefits and privileges of employment without posing a direct threat to anyone's health and safety.  If interim workplace adjustment is not possible, a written explanation to the employee or applicant shall be provided.

**10. DETERMINING WHETHER A REQUESTOR IS A "QUALIFIED INDIVIDUAL WITH A DISABILITY."**

**To process the reasonable accommodation request, the DMO, HRMO, and other responsible officials will utilize VA Form 0857C, Reasonable Accommodation Checklist (Appendix C), to document all relevant steps, to include evaluating and capturing the below information.**

a. *Is the individual qualified?*   The DMO, in consultation with the HRMO, will review the following to determine if the individual has the requisite skills, knowledge, and abilities to perform the essential functions of the job, with or without an accommodation.   It is the goal of VA's accommodation policy to retain employees with disabilities who can perform their duties with reasonable accommodation.

**14**

SEPTEMBER 17, 2010                              VA HANDBOOK 5975.1

(1) **Essential Job Functions.**  Officials from the service where the job exists will review the actual job requirements and work environment regarding that particular position, its purpose, and essential functions.

(2) **Education, Training, Certification, Skills, or Licensure Requirements.**  The DMO should ensure that the individual meets the skills, knowledge, and other requirements for the position.

b. *Does the individual have a covered disability?*  VA must determine if an employee or an applicant for employment has a disability covered by the Rehabilitation Act which may entitle him or her to a reasonable accommodation. As part of the analysis, the DMO, in consultation with the LRAC, will consider the following:

(1) The nature, severity, and duration of the individual's impairment. As to duration of the disability or functional limitation, a disability whose effects last or are expected to last less than six months will be presumed to be temporary in nature and not covered by the Rehabilitation Act, unless a requestor provides medical documentation to the contrary.

(2) The activity or activities that the impairment limits.

(3) The extent to which the impairment limits the individual's ability to perform the activity or activities.

(4) The individual's record of impairment, if any.

(5) Medical documentation may be required to make this determination. For those situations, please see paragraph 11 (WHEN MEDICAL INFORMATION IS NEEDED FOR DISABILITY DETERMINATION).

c. If it is determined that the individual is not a "Qualified Individual with a Disability", the request for accommodation may be denied. Please see paragraph 13, "Denial."

## 11. WHEN MEDICAL INFORMATION IS NEEDED FOR DISABILITY DETERMINATION.

Medical documentation should not be requested to support every accommodation request.

a. When a disability or need for reasonable accommodation is not obvious or otherwise not already known to the VA, the LRAC may request that the employee or applicant submit appropriate medical documentation about the disability and his or her functional limitations within thirteen (13) days of the initial request.  This information may be obtained from an appropriate health care professional, such as a physician, social worker, or rehabilitation counselor.

b. Requests for medical documentation are limited to:

(1)  the past, present, and expected future nature, severity and duration of the impairment (e.g., functional limitations, symptoms, side effects of any treatments, etc.);

**15**
Ryan.R.A.Policy.2010.002263

**VA HANDBOOK 5975.1**                                    **SEPTEMBER 17, 2010**

(2)  the activities the impairment limits;

(3)  the extent of the limitations: and

(4) why the individual requires accommodation or the particular accommodation requested, and how the accommodation will assist the individual to apply for a job, perform the essential functions of the job, or enjoy a benefit or privilege of the workplace (whichever is appropriate).

c. If the information provided by the requestor or his or her health care professional is insufficient to enable an informed determination, additional information may be requested.  In this instance, the LRAC should explain to the requestor why the submitted documentation is insufficient, identify the information that is needed, and allow the requestor an opportunity to provide the information.

c. When there is a need to directly contact the health care professional to clarify an employee's functional limitations in an expeditious manner, the LRAC must obtain a signed medical release from the requestor.  If the requestor refuses to provide a necessary release of medical information and fails to respond to requests for information, the request for reasonable accommodation may be denied. (VA Form 0857D, Authorization for Limited Release of Medical Information, Appendix D.)

d. When there is a need to directly contact the health care professional to clarify an applicant's functional limitations in an expeditious manner, the LRAC should request in writing that the applicant provide additional medical information.  VA will not accept VA Form 0857E from applicants.  If the applicant refuses to provide the additional medical information requested or fails to respond to requests for additional information, the applicant's request for reasonable accommodation may be denied.

e. If the requested medical documentation is insufficient to determine whether the employee or applicant is a "Qualified Individual with a Disability," VA may request that the requestor undergo a medical evaluation conducted by a health care professional of VA's choice, at no cost to the employee or applicant.  The time frame does not freeze while arranging this evaluation. If the employee or applicant refuses to be evaluated, the reasonable accommodation request may be denied.

f. Processing timelines freeze from the time that medical documentation is requested to when it is received.  Even if medical documentation is received from an employee long after it was requested, the DMO must continue processing the application within the 30 day time frame.

## 12. CONFIDENTIALITY REQUIREMENTS REGARDING MEDICAL INFORMATION OBTAINED IN THE REASONABLE ACCOMMODATION PROCESS.

Under the Rehabilitation Act, medical information obtained in the reasonable accommodation process or otherwise, must be kept confidential.  Confidentiality rules regarding disability status apply to all employees and applicants, whether or not they are individuals with disabilities.  Violation of the Rehabilitation Act's medical confidentiality requirements exposes

**16**

the agency to liability, even if no other action is taken against the individual whose medial information is disclosed. Department officials who obtain medical information shall comply with the confidentiality requirements below:

a. After making a determination on whether a requestor is a qualified individual with a disability, the DMO should give all medical documentation to the LRAC.

b. The LRACs shall maintain medical and other records pertaining to requests for reasonable accommodations in a locked file cabinet separate from all other records, including personnel records, in accordance with the Privacy Act of 1974, 29 CFR 1611, EEOC Order 150.003, and VA information security and privacy policies, including VA Handbook 6500 (Information Security Program). The LRAC should raise any information security or privacy concerns, including lost, missing or stolen personally identifiable information, with the operating unit's Information Security Officer (ISO) or Privacy Officer. If the employee transfers to another position within VA, the accommodation file is transferred to the new facility.

c. Individuals who have access to information necessary to make a decision about whether to grant a requested accommodation may not disclose the information except as follows:

(1) Supervisors and managers who need to know may be told about necessary restrictions on the work or duties of the employee and about necessary accommodation(s);

(2) In the event of medical emergency, first aid and safety personnel may be informed if an employee's disability might require emergency treatment;

(3) VA and other government officials may be given information necessary to investigate VA's compliance with the Rehabilitation Act;

(4) The information may, in certain circumstances, be disclosed to workers' compensation offices or insurance carriers, and Department EEO officials may be given the information to maintain records and evaluate and report VA's performance in processing reasonable accommodation requests;

(5) Where medical information regarding a requested reasonable accommodation is disclosed, the DMO must inform the recipient about the confidentiality requirements that attach to the information;

d. The medical information or accommodation may not be shared with the employee's co-workers or other employees. Supervisors can respond to inquiries by explaining that many workplace issues confronted by employees are personal, and that in these circumstances, it is the VA's policy to respect employee privacy.

## 13. IDENTIFYING AND GRANTING ACCOMMODATIONS.

a. The HRMO and the LRAC will review the functional limitations of an applicant requesting accommodation and identify possible accommodations that will enable the individual to complete the applicant process, including the interview. Some specific examples of reasonable accommodation for applicants are:

(1) Allowing a hard copy application instead of requiring the on-line process;

(2) Moving the interview location to a facility that is physically accessible; and

(3)  Providing an oral or sign language interpreter for a deaf applicant the interview.

b. The DMO, the HRMO (as needed), and the LRAC will review the functional limitations and identify possible reasonable accommodations that will enable the employee to perform the essential functions of the position or enjoy the benefits and privileges of employment.  For additional assistance, please see section 15, "Additional Resources."  The requestor may propose reasonable accommodations; however, the DMO will make the final decision on whether to grant a reasonable accommodation.  Some specific examples of reasonable accommodation are:

(1) Modifying a cubicle to allow room for a motorized scooter;

(2) Restructuring of marginal job functions which cannot be performed because of functional limitations;

(3) Allowing a modified work schedule or telecommuting for an individual who has a disability that makes commuting difficult;

(4) Obtaining screen-reader software for an individual who is blind;

(5) Printing examinations and training materials in large font;

(6) Providing interpreters or captioning services for an employee who is deaf (see Section 12);

(7) Ensuring that VA employees are sent only to events, including training, that are fully accessible; and.

(8) Reassignment to another position.  This is the accommodation of last resort and will be considered only if there are no other accommodations available that will enable the employee to perform the essential functions of his or her current job.  Reassignment should be initiated by the DMO, in collaboration with the HRMO.  The interactive process is especially critical when reassignment is being considered.

(a)  Reassignment should be to a funded, vacant position, or to a funded position that will be vacant within thirty (30) calendar days from the date the organization commences a search for an appropriate position.  Most reassignment processes should be completed within ninety (90) calendar days.

(b)  Before the organization commences such a search, it may require the requestor to indicate, in writing whether he or she is willing to accept reassignment to:

Ryan.R.A.Policy.2010.002266

<u>1.</u>  a job series that is different from the series of his or her current position and if so, which job series

<u>2.</u>  locations outside the facility or the commuting area, and if so, which locations are preferred,

<u>3.</u>  a lower grade position and as a last resort,

<u>4.</u>  a part-time position.

Reassignment in the same location will be sought first but reassignment can be made to positions in VA facilities and Administrations beyond the organization or facility where the requestor was originally employed.  Relocation costs will be provided only if indicated in the vacancy announcement.

(c)  VA will conduct a search in accordance with reassignment procedures currently outlined in EEOC regulation 29 CFR 1630.2(o) (ii), and accompanying interpretive guidance.

(d)  If there are no vacant equivalent positions, lower grade level positions for which the employee is qualified may be considered

b. Once the DMO has identified an appropriate reassignment, he or she will notify the employee or applicant, in writing, within no more than twenty-seven (27) calendar days of receiving the reasonable accommodation request, absent extenuating circumstances.

c. The employee will have 14 calendar days to consider whether to accept the offered reassignment.

d. Reassignment must be considered as an accommodation prior to terminating an employee with a disability who cannot be accommodated in his or her current position.  In this situation, reassignment should be considered even if not specifically requested.

e. If HRM is unable to identify a suitable position to which the employee can be reassigned, the employee will be advised as to other options.

## 14. ACCOMMODATIONS NOT PROVIDED BY DoD's COMPUTER ACCOMMODATIONS PROGRAM (CAP)

Managers and supervisors should be aware that VA's Office of Diversity and Inclusion (ODI) will reimburse the cost of accommodations not provided by CAP.  Examples are readers for blind applicants and employees, personal assistants for applicants and employees with mobility issues, and sign language interpreters, oral interpreters, or Computer-Assisted Real Time (CART) Captioning for applicants and employees with hearing loss.  Please bear in mind that EEOC has ruled that agencies may need to provide interpreters or other accommodations for deaf or hard of hearing employees to attend staff meetings, training, safety talks, discussions on work procedures or assignments, and disciplinary actions, even when the employee does not make a request.  ODI does not reimburse the cost of facility modifications, which should be requested from the Engineer at the specific VA location.

**VA HANDBOOK 5975.1**                                  **SEPTEMBER 17, 2010**

### 15. DENIAL OF REASONABLE ACCOMMODATION REQUESTS.

a. After consultation with ODI or OGC, the DMO may deny the request for accommodation for the following reasons:

(1) **Undue Hardship**. A determination of undue hardship means that VA finds that a specific accommodation would be significantly difficult or expensive to provide, or would fundamentally alter the nature of the operations of the affected VA organization, as defined earlier. Before reaching this determination, the DMO, in consultation with the LRAC, must explore whether other effective accommodations are available and can be provided. (Note: In determining whether an accommodation poses an undue hardship, the financial resources of the organization or the Department as a whole should be considered, not just the resources of the individual facility or staff office. Thus, it is unlikely that a request can be denied by VA based on cost.)

(2) **Insufficient Medical Documentation**. The employee or applicant, when requested, did not provide sufficient medical documentation to establish a covered disability or a need for reasonable accommodation. Medical documentation should not be requested when the disability is obvious or the employee has already submitted documentation to VA in the past for the same functional limitation.

(3) **Removes Essential Function(s)**. The requested accommodation would require the removal of an essential function from the position occupied by the employee or from the position for which the applicant applied.

(4) **Lowers Standards**. The requested accommodation would require lowering a performance or production standard.

(5) **Not Deemed a "Qualified Individual with a Disability**." The Department has determined that applicant is unable to perform the essential functions of the position, even with an accommodation. In this case, the individual is not a qualified person with a disability, as defined by the Rehabilitation Act.

(6) **Direct Threat**. The individual poses a "direct threat" to the health and safety of himself or herself or others. In those instances, the DMO must consider the limitations of the individual, specifically, the risk posed by the medical condition, the duration of the risk, the nature and severity of the potential harm, the likelihood that the harm will actually occur, and imminence of the potential harm. Direct threat determinations are made on a case by case basis. A health care professional may be consulted for assistance.

b. **Denial of a request from an employee**. If the DMO cannot grant a requested accommodation, he or she must consult with the NRAC or the Office of General/Regional Counsel in the facility's geographic area or, if the requestor is employed by OIG, the DMO may consult with the Counselor to the Inspector General and complete VA Form 0857G, VA Denial of Reasonable Accommodation (Appendix G). The aforementioned offices will only serve as consultants and concurrence is not required. Once a final determination is made, the DMO must notify the employee of the denial in writing, provide details on the specific reason for the

**20**

denial, and inform the employee of possible avenues of redress within twenty-seven (27) days of the initial request. The LRAC must provide a copy of the denial form to the NRAC.

c. **Denial of a request from an applicant**. If the HRMO cannot grant a request for accommodation, he or she must consult with the NRAC or the Office of General/Regional Counsel in the facility's geographic area or if the requestor is an applicant for a position in OIG, the DMO may consult with the Counselor to the Inspector General and complete VA Form 0857G, VA Denial of Reasonable Accommodation (Appendix G). The aforementioned offices will only serve as consultants and concurrence is not required. Once a final determination is made, the HRMO should make every effort to process requests from applicants as soon as possible in order for them to be able to participate in the application process. The HRMO should notify the applicant in writing of the denial within ten calendar days of the initial request and inform the applicant of possible avenues of redress (see Appendix G). The LRAC must provide a copy of the denial form to the NRAC.

## 16. AVENUES FOR REDRESS OF DENIALS.

a. If an employee or applicant is denied a reasonable accommodation, he or she has the following options:

(1) **Reconsideration**. Upon receipt of the denial from the DMO, the employee or applicant has seven (7) calendar days to request reconsideration. After receiving a request for reconsideration, the DMO has seven calendar days to render a decision and notify the requestor, in writing.

(2) **EEO Complaint**. To file an EEO complaint, applicants for employment or employees must contact an EEO counselor within forty-five (45) calendar days of receiving the notice of denial, pursuant to 29 C.F.R. Part 1614. Contact your local Office of Resolution Management for further information.

(3) **Union Grievance**. Bargaining Unit Employees may file a grievance in accordance with applicable Collective Bargaining Agreements. Contact your local union representative for further information.

(4) **Administrative Grievance**. Non-Bargaining Unit Employees may file an Administrative Grievance within 15 calendar days of receiving the denial by contacting anyone in their chain of command. The employee should also inform Human Resources that they are filing an Administrative Grievance. Contact your local Human Resources Office for further information.

(5) **Alternative Dispute Resolution (ADR)**. Employees and applicants are encouraged to participate in informal resolution processes available to address the reasonable accommodation outcome. The ADR process is outlined in VA Directive 5978: Alternative Dispute Resolution. Individuals may participate in ADR as part of the above avenues of redress or independently. If participation is independent of the above avenues of redress, it does not meet the requirements for filing claims under the aforementioned processes. If the employee believes she or he may also want to pursue other avenues of redress, the employee should check with the appropriate EEO/Union/HR office to ensure that time requirements are

met.   Contact your local ADR Coordinator at
http://www1.va.gov/adr/docs/ADR_Coordinators_List.pdf for further information.

## 17. INFORMATION TRACKING AND REPORTING.

a. LRACs shall be responsible for retaining records related to a particular individual who has requested a reasonable accommodation for the duration of that individual's employment in the Department. These records would include any documentation of the individual's disability or need for reasonable accommodation, as well as information about the disposition of that individual's accommodation request.  If an individual transfers to another organization in VA, the records should go to the LRAC in the new organization.  Three years after the individual separates from VA, the medical documentation and other information regarding the individual accommodation request should be destroyed, as instructed by the General Records Schedule.

b. LRACs shall be responsible for tracking all reasonable accommodation requests and maintaining associated records, consistent with these guidelines and utilizing applicable forms contained in this Handbook.

c. LRACs must document the final disposition of RA requests by completing the VA Reasonable Accommodation Information Reporting Form (Attachment G).

d. LRACs must submit annual reports to the NRAC, through their respective Administrations or Staff Offices. The reports will include the following:

(1) The number of accommodations, by type, that have been requested for the application process and whether those requests have been granted, or denied;

(2) The cost of any accommodations funded by the administrations or staff offices or whether the costs were CAP-funded;

(3) The jobs (occupational series, grade level, and agency component) for which reasonable accommodations have been requested;

(4)  The types of accommodation requested for each of these jobs;

(5)  The number of reasonable accommodations, by type, for each job that have been approved, and the number of accommodations, by type, that have been denied;

(6)  The number of requests for reasonable accommodation, by type, that relate to the benefits and privileges of employment, and whether those requests have been granted or denied;

(7) The amount of time taken to process each request for reasonable accommodation.

(8)  The reason for each denial of an accommodation request; and

(9)  The sources of technical assistance used to identify possible reasonable accommodations.

**22**

Cumulative information will be retained for at least three years in order to track VA performance and assess whether accommodation requests are being processed adequately.

## 18. The VA-DoD PARTNERSHIP REGARDING THE COMPUTER/ELECTRONIC ACCOMMODATIONS PROGRAM (CAP).

a. VA officials should fully utilize VA's partnership agreement with DoD's CAP, which provides assistive technologies free of charge to Federal employees and individuals with disabilities participating in the Workforce Recruitment Program. Accommodation requests for assistive technology should be made directly to CAP by the employee's supervisor and coordinated and tracked by the LRAC. CAP can be contacted at: http://www.tricare.mil/cap/acc_sol/

b. CAP provides assistive technology to individuals who are blind, have low vision, are deaf, hard of hearing, or have dexterity, communication, cognitive, or learning disabilities.

c. CAP conducts needs assessments to identify the most appropriate solutions for each individual requesting a reasonable accommodation. Thereafter, CAP will provide the accommodation. CAP covers the cost of installation, integration, and training on assistive technology.

d. CAP does not cover office furniture, lighting, sign language interpreters, readers, or other non-IT related accommodations.

e. VA officials should remain aware that the responsibility to accommodate the Department's employees and applicants ultimately rests with VA, not with the CAP Program; that is to say, the CAP Program is a tool that may be used to fill some accommodation requests. Accommodation requests that fall beyond CAP, or are unfulfilled due to lack of CAP funds, must be filled by VA.

f. CAP does not cover assistive technology needed to train or instruct veterans or their family members who are not VA employees or applicants. Requests for those types of training tools should be made through the normal procurement process and do not constitute a reasonable accommodation.

## 19. ADDITIONAL RESOURCES.

a. **U.S. Equal Employment Opportunity Commission** at http://www.eeoc.gov/federal/directives/index.cfm provides resource information and policy guidance for processing reasonable accommodation requests and frequently asked questions.

b. **Job Accommodation Network (JAN) at** http://www.jan.wvu.edu/ is funded by the U.S. Department of Labor's Office of Disability Employment (ODEP) Policy and provides information on the Americans with Disabilities Act (ADA) and a wide range of reasonable accommodations options for many different types of disabilities.

c. **VA's Section 508 Program Office** at http://vaww.section508.va.gov/ is responsible for ensuring that VA's Electronic Data Systems and websites are accessible to individuals with disabilities under the authority of Section 508 of the Rehabilitation Act of 1973.

d. **VHA, Office of Health Information, Health Data and Informatics.**  Section 508 Office (19F) also provides section 508 consulting services for VHA organizations that need assistance. Web site:   http://vaww.vista.med.va.gov/508workgroup/

e. **VA's ODI web site** for the People with Disabilities Program provides additional information regarding VA's reasonable accommodation procedures. Web site: http://www.diversity.hr.va.gov/spi/programs/peopledisabilities.htm

## 20. FORMS INFORMATION

To access the forms referenced in the Handbook, please go to: http://www.diversity.hr.va.gov/spi/programs/peopledisabilities.htm#library or http://vaww.va.gov/forms

   a.  VA Form 0857A, Written Confirmation of Request for Accommodation

   b.  VA Form 0857B, Acknowledgement of Receipt of Request

   c.  VA Form 0857C, Reasonable Accommodation Checklist

   d.  VA Form 0857D, Authorization for Limited Release of Medical Information

   e.  VA Form 0857E, Request for Medical Documentation

   f.  VA Form 0857F, Approval of Accommodation Request

   g.  VA Form 0857G, Denial of Reasonable Accommodation Request

   h.  VA Form 0857H, Employee Limitations on Reassignment Options

Ryan.R.A.Policy.2010.002272

SEPTEMBER 17, 2010

VA HANDBOOK 5975.1
APPENDIX A

| Timeframes for Processing Reasonable Accommodation Request(s) | |
|---|---|
| **The entire reasonable accommodation process must be completed as soon as possible, but within 30 calendar days.  The timeframes below are suggested guidelines.** | |
| Day 0<br>Initial Request | An employee, an applicant for employment, or an individual acting on behalf of the employee or applicant, requests an accommodation, either orally or in writing |
| Within 5 calendar days of receiving initial request | The individual who received the request responds to the employee or in writing using VA Form 0857A, Confirmation of Reasonable Accommodation and provides a copy of that response to the LRAC.  The DMO or supervisor begins the interactive process with the employee or applicant. |
| Within 10 calendar days of receiving initial request | If the employee's disability is not obvious, or VA has no documentation, the DMO decides if medical information is needed; if so, the LRAC will request and facilitate collection of medical information.  **Note**: Timeframes freeze from the time that medical documentation is requested to the time that it is received.<br><br>*For Applicants*:  The HRMO should make every effort to process requests from applicants as soon as possible in order for them to be able to participate in the application process.  The HRMO should notify the applicant in writing of the denial within <u>ten</u> calendar days of the initial request and inform the applicant of possible avenues of redress (see Appendix E).  If the disability is not obvious or VA has no documentation, and the applicant does not provide a certification letter, HRMO will request medical documentation.  If the applicant fails to produce required medical documentation, VA is not required to provide accommodation. |
| Within 13 calendar days of receiving initial request | When medical documentation *__is not__* requested (i.e., the disability is obvious or VA has documentation), the DMO determines whether the individual is a Qualified Individual with a Disability, in consultation with the LRAC.<br><br>Where sufficient medical documentation is received, a determination will be made on whether the individual is a Qualified Individual with a Disability.  If the documentation is not sufficient, the DMO or the LRAC may request additional medical documentation from the requestor.  Again, timeframes freeze until the additional medical documentation is provided.  If an interim workplace adjustment is possible, it should be made. |
| Within 27 calendar days of receiving initial request | The DMO decides whether accommodation will be granted.  If the decision is to deny the request, the DMO will consult with General/Regional Counsel or ODI, prior to issuing denial of the request. If accommodation is denied, inform requestor, in writing, of denial and his or her right to request reconsideration.  Provide a copy to the LRAC. Utilize Attachment G to communicate determination. |
| Within 30 calendar days of receiving initial request | Provide accommodation or, in extenuating circumstance, an interim workplace adjustment. |

Ryan.R.A.Policy.2010.002273